IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>PRECILLIANO MARTINEZ, et al.,<br>Defendants. | Case No. CIV F-04-5475 JKS SMS<br><br>O R D E R |

This action has been assigned to the Honorable James K. Singleton, Jr.  This case remains pending in the Eastern District of California and all filings and communications with the Court shall be made in the Eastern District with the clerk of that district.   All requests for action by the Court must be made in the form of a motion filed with the clerk of the Eastern District.  *See* Fed. R. Civ. P. 7(b).  No party shall attempt to communicate with the Judge or a member of the Judge's staff ex parte.  Any correspondence by litigants or counsel regarding a pending case directed to the Judge will be returned without referral to the Judge.  **In order to expedite the resolution of this case, the following rules will govern dispositive motions and any motion that is not automatically referred to the Magistrate Judge under the rules of the Eastern District of California**:[1]

---

[1] Under the rules of the Eastern District, a party seeking a ruling by the Court files a motion and obtains a hearing date.  All further action on the motion in the form of a response and the movant's reply reference that hearing date.  It is this Court's expectation that most motion practice will be resolved without a hearing and that in the rare case where oral argument would be helpful the Court will participate by telephone.  Where a party persuades the Court that an evidentiary hearing is appropriate, the Court will schedule such a hearing after it has reviewed all of the briefing.  Finally, if after reviewing all of the briefing the Court has questions about the facts and/or the law it may, in lieu of oral argument, issue a tentative decision and permit the parties to comment.  These minor modifications of Eastern District practice are intended to enable a Judge at a distance to complete cases assigned to him at the earliest practicable time and at the least cost consistent with due process.

## MOTION PRACTICE

(a) **Motion and Opposition**.  A motion is initiated by the filing and service of a single document, and the motion and any opposition to a motion must include or be accompanied by the following:

(1) A concise statement of the decision or relief sought by the moving or opposing party.

(2) A brief statement of points and authorities relevant to the relief requested.

(3) [A] Legible copies of affidavits, deposition excerpts, and properly authenticated documents or other exhibits as provided in paragraph (a)(4) upon which the moving or opposing party relies.

[B] Documents and depositions should be appropriately excerpted so that only the portions required to be reviewed to make the decision are filed with the motion papers.

(4) [A] The evidence ordinarily presented, in support of or in opposition to any motion, includes:

(i) affidavits;

(ii) declarations under 28 U.S.C. § 1746;

(iii) deposition excerpts;

(iv) admissions;

(v) verified interrogatory answers; and

(vi) other similar documentary exhibits.

[B] Bulky, heavy or otherwise sensitive exhibits, *e.*g. controlled substances or firearms, are to be photographed and the photograph submitted, or leave of court obtained for submission of the exhibit.

[C] Exhibits not provided to the court and the parties in this manner, including purely demonstrative or summary exhibits, may not be referred to in oral argument.

(5) Motions or oppositions presented to the clerk's office for filing that have supporting affidavits, exhibits, or other documents, must be firmly attached as one document where practicable.

(6) Proposed orders are not to be stapled or otherwise affixed or attached to motions or oppositions.

ORDER

(b) **Reply**. A reply memorandum by the party initiating a motion is optional, and, if filed, must be restricted to rebuttal of factual and legal arguments raised in the opposition.

(c) **Citation of Unpublished Decisions:  Judicial Notice**.

(1) [A] Except to support a claim of *res judicat*a, collateral estoppel, or law of the case, no decision, opinion, or order of any court may be cited in this court if citation is prohibited in the court that rendered the decision; and

[B] unless the decision is published in the National Reporter System or a National Loose-Leaf Reporter, a copy of a decision cited must be attached to the brief.

(d) **Failure to Support or Oppose Motions**. Failure to include proper materials in support of, or in opposition to, a motion as required by this rule subjects the motion to summary ruling by the court.

(1) If the failure is by the moving party, it may be deemed an admission that the motion is without merit, and, if by the opposing party, that the motion is well taken.

(2) No unopposed motion for summary judgment will be granted unless the court is satisfied that there are no disputed issues of material fact and that the moving party is entitled to the decision as a matter of law.

(e) **Time Limits.** Unless otherwise ordered by the court, provided by statute, or rule, an opposition must be served and filed within fifteen (15) days of service of the motion, and replies within five (5) days of service of the opposition.

(f) **Facsimile Copies**.

(1) Clear and legible facsimile copies of affidavits or declarations under penalty of perjury in support of or opposition to a motion may be filed without further leave of court.

(2) Originals must be filed within five (5) days after the facsimile copy has been filed.

(3) Facsimiles on thermal paper must be photocopied onto non-thermal paper prior to filing.

(g) **Supplemental Materials**.

(1) *Briefs and Pleading*s. Supplemental briefs may not be filed without leave of court.  If a party proposes to file a pleading or brief not authorized by these rules, the party must serve and file a motion requesting permission to do so and attach the original and a copy of the pleading or brief to the motion.

ORDER

[A] (i) If the motion is granted, the clerk will file the proposed pleading or brief, or

(ii) if the motion is denied, the proposed pleading or brief will be returned to the party.

[B] When pertinent or controlling authorities come to the attention of a party after a brief

has been filed, the party may file a notice, without leave of court, limited to two pages, setting

forth the citation, docket number, and page numbers of the brief to which the citation pertains.

No argument may be included in the notice.

(2) *Factual Material*s. Supplemental factual materials, *e.*g., deposition excerpts, discovery

responses, and affidavits responding to new materials filed with reply briefs, or on account of a

change in circumstances, may be filed only by leave of court.

[A] Motions for leave to file supplemental factual materials must reference by docket

number the motion papers to which the materials pertain.

[B] Leave will not be routinely granted. The court will consider, among other things:

(i) whether the material was available to the party when briefs were due, and

(ii) whether the pertinence of the material was established at the times for briefing.

[C] Leave may be conditioned on such terms as the court in its discretion deems

appropriate.

(h) **Motion Submitted**. A motion will be treated as submitted and ripe for decision after:

(1) the time for filing opposition has elapsed and no opposition has been filed;

(2) opposition has been filed, the reply filed or the time for filing a reply has elapsed, and no

request for oral argument or evidentiary hearing has been made within the time allowed;

(3) opposition has been filed, the reply filed or the time for filing a reply has elapsed, and

request for oral argument or evidentiary hearing has been made and denied; or

(4) at the conclusion of oral argument or a hearing if one has been granted.

(i) **Postponement of Submission**. All motions should be decided by the court as soon as

practicable after all pleadings or briefs have been filed, and, in any event, within six (6) months

from the filing of the motion.


ORDER

(1) It is the responsibility of counsel to complete briefing of motions in accordance with the schedule contained in this rule, except where there is good cause to stipulate to extend the time for briefing or postponement of formal submission to the court for a decision.

(2) Where one or more stipulations for postponement will make it impossible for the court to rule upon a motion within six (6) months from the date the motion was filed, the court may, in its discretion, deny the motion with leave to summarily renew the same.

## HEARINGS

(a) **Oral Argument**. Any party may request oral argument by filing a separate paper making the request, and specifying the motion on which oral argument is sought, within three (3) days after the date the last paper on that motion is filed, or the time for filing has elapsed.

(1) A request for oral argument is not subject to withdrawal except by stipulation of all parties.

(2) The court will set the date and time for argument and notify the parties.

(3) The court, in the exercise of its discretion, may:

[A] order oral argument without request; or

[B] determine that argument is unnecessary and deny the request.

(4) A late request must be based upon a showing of good cause and is addressed to the discretion of the court.

(5) At oral argument counsel should:

[A] be familiar with the briefs and the record;

[B] be prepared for a colloquy with the court regarding tentative views the court may have reached; and

[C] avoid reading briefs or a scripted argument aloud.

(6) In the absence of an order setting an evidentiary hearing, hearings are solely for the purpose of hearing argument.

(b) **Motions Requiring Evidentiary Hearing**.

(1) In those matters where testimony must be heard or other evidence presented at a hearing, a motion for leave to present evidence must be filed not later than three (3) days after the party has filed the motion or opposition to the motion.

ORDER

C:\WINDOWS\Temp\notes4BF954\F-04-5475.001.wpd

(2) If any party obtains leave to present evidence, all other parties may present evidence at the same hearing.

(3) Unless otherwise ordered by the court, not less than three (3) days before the hearing, a party who intends to present testimony must, except where counsel files a written certification that a requirement of prior disclosure would risk serious injustice, file with the court and serve on all other parties:

[A] a list of witnesses, together with a summary of what those witnesses will say; and

[B] an estimate of time needed.

(4) If a party appears at the hearing telephonically, any party intending to present or refer to documentary evidence must serve copies of those documents on the party appearing telephonically so that the documentary evidence is received prior to the hearing, where possible.

(c) **Shortened Time**. A party may move for hearing or consideration of a matter on a time schedule shorter than provided by the rules.

(1) The motion for shortened time must be accompanied by:

[A] an affidavit explaining:

(i) why shortened time is needed,

(ii) efforts made to work out the problem with counsel for other parties,

(iii) positions counsel for the other parties take, and

(iv) what dates are of significance; and

[B] (i) proof of service by a means reasonably likely to allow counsel for other parties an opportunity to see the papers at least as soon as the court, or

(ii) an affidavit explaining why service of the motion upon the opposing party under the circumstances should not be required.

(2) The clerk will immediately bring the motion to the judge's attention.

(3) The court may, if the motion is granted:

[A] act *ex part*e;

[B] set a hearing;

[C] order briefing on shortened time; or

ORDER

[D] take such other action as may be appropriate in the circumstances.

The parties are reminded of their continuing duty pursuant to Eastern District Local Rule 16-160 to immediately notify the court and chambers of any settlement or other disposition of the case.

**IT IS SO ORDERED**.

Entered at the direction of the Honorable James K. Singleton, United States District Judge.

DATE: June 28, 2005

ORDER